### ELISHA COOLY *versus* JOSEPH W. PATTERSON.

A certificate from the law court, making a final disposition of a cause on its merits, is the final judgment of the Court.

A settlement of an action "in full for debt and costs," after the receipt of such certificate by the clerk, in vacation, in the county where the suit was pending, will not defeat the attorney's lien for his fees and disbursements upon the judgment, although an appeal from the decision of the clerk in relation to the taxation of cost were pending.

The attorney of the prevailing party may charge his client with the amount recovered for travel and attendance, and claim a lien on the judgment therefor.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

DEBT on a judgment to secure an attorney's lien for his fees and disbursements.

*Joseph Baker*, for the plaintiff.

*G. C. Vose*, for the defendant.

The plaintiff employed Joseph Baker, an attorney of this Court legally admitted to practice, to bring a suit in his favor against the defendant as administrator on the estate of Elbridge Tyler. The writ was made November 8, 1858, and entered at the November term of this Court, and continued from term to term till November term, 1860, when

preparation for trial was made and the case opened to the jury; then it was referred to A. Libbey, Esq.; a hearing was had before him; several witnesses were examined, and the case was argued on both sides; the referee made his report in the alternative, in one event for the plaintiff, and in the other for the defendant, depending on the opinion of the Court on facts therein stated. The report was presented to the Court, and accepted, in favor of the plaintiff; exceptions were filed by the defendant; the case went to the full Court, was argued and decided in favor of the plaintiff. In all these proceedings and hearings said Baker was the plaintiff's counsel. The order from the law court was received from Portland, July 19, 1862, as follows:—"Exceptions overruled." The cost was soon after taxed up by plaintiff's attorney, filed in the clerk's office, allowed by him, and an appeal taken by defendant to a Judge of the Court. Pending this appeal, without the knowledge or consent of his attorney, the plaintiff made a settlement with defendant and gave him the following paper:—

"Augusta, Sept. 30, 1862.

"To Wm. M. Stratton, Clerk of the Courts for the county of Kennebec:—

"Sir:—Having settled with Joseph W. Patterson an action standing on your court docket in my favor, against him as administrator on the estate of Elbridge Tyler, and received full payment for the debt and costs in said action, you are hereby requested and directed not to issue any execution against him on the judgment not yet entered up therein, nor against the estate. "Elisha Cooly.

"Witness, William Studly."

The bill of costs was finally settled by a Judge of the Court, and an execution was issued, as of March term, 1862, against the defendant, as administrator, for the debt, and, in his individual capacity, for the costs, amounting to $119,80. Of this sum, $62,51, was for witness' fees in the Supreme Judicial Court, and only 99 cents of the $10,19, before the referee, was for travel and attendance, and $48,09, for other

taxable costs claimed by the attorney. All the disbursements included in said $48,09 were made by the plaintiff's attorney. The Court was to render judgment for the plaintiff for such sum as they find legally due the attorney in said former suit, or for the defendant, according to the law and facts herein stated.

The opinion of the Court was drawn by

WALTON, J. — The principal question presented for determination in this case is, whether a settlement by the parties, after a certificate from the law court, making a final disposition of the cause, had been received by the clerk in vacation, iu the county · where the suit was pending, and pending an appeal from the decision of the clerk in relation to the taxation of costs, defeated the attorney's lien upon the judgment, so that he cannot maintain an action thereon for his fees and disbursements.

We think not. It is true, that an attorney's lien does not attach till final judgment; but we think such a certificate is the final judgment of the Court. It ends the controversy, and determines with certainty which is the prevailing party. Time must be had to adjust the bill of costs before an execution can issue, but this is a delay incident to all judgments. Such a delay does not change or postpone the date of the judgment. When such a certificate is received in vacation, the judgment is to be recorded as of the preceding term; but, for all practical purposes, we think the true date of the judgment is the time when such certificate is received by the clerk of the county where the action is pending. In substance and in fact such certificate is the final judgment of the Court in relation to that suit.

In *Young* v. *Dearborn*, 7 Foster, (N. H.,) 324, the Court held that an order of the Superior Court, after verdict, that judgment be rendered on the verdict, would be deemed the judgment so far as to give the attorney a lien for his fees and disbursements. In that case the Court say that such an order is a final determination of the case, the end of all liti-

gation and controversy as to the merits of the case; that the time when the judgment is entered up in form is immaterial; that time must ordinarily' elapse between the making of such orders and the actual entry of judgment; but that the delay ought not to affect the rights of the parties or their attorneys; that, for the purpose of ascertaining their rights in this respect, the order of the Court for judgment should be deemed the judgment itself.

The certificate of the law court, in the original suit between these parties, was received July 19, 1862. The plaintiff was the prevailing party. The cost was taxed by his attorney, allowed by the clerk, and an appeal taken by the defendant. Pending this appeal, namely, Sept. 30, 1862, without the knowledge or consent of his attorney, the plaintiff settled with the defendant, and gave him a receipt in full for' debt and cost. This suit is brought by the plaintiff's attorney, upon the judgment rendered for the plaintiff in that suit, to enforce his lien for his fees and disbursements. It has been settled, by a series of decisions in this State, that an attorney has such a lien. It extends, however, only to the bill of costs, as taxed and allowed, and included in the judgment; and will include only so much of that as is justly due to the attorney.

The whole bill of costs included in the original judgment between these parties, was $119,80. The plaintiff's attorney claims judgment in this suit for $49,08. . This latter sum includes the travel and attendance of the party, amounting to $38,99; and, it is contended in defence that the fees accruing for these items belong to the party and not to the attorney, and that the latter cannot rightfully claim a lien upon the judgment to secure them. In strictness all the items included in the bill of cost belong to the party; but when the party employs an attorney to attend to the case for him, and the attorney does attend to it, the party becomes indebted to the attorney for his services and disbursements in the suit; and, to insure his pay, the law gives the attorney, not any particular items of cost that may have

accrued in the case, but a lien upon the whole bill of costs for what may be justly due him for such services and disbursements; and when his client prevails in the suit, we think the attorney may justly charge. him, among other items, with the amount recovered for travel and attendance, and may rightfully claim a lien upon the judgment to secure the amount thus charged. We think the attorney's lien, in the original suit between these parties, attached when the certificate of the final decision of the law court was received by the clerk in the county where the suit was pending, and that the subsequent settlement cannot be allowed to have the effect to defeat it.

*Judgment for plaintiff for* $49,08.

Appleton, C. J., Davis, Kent, Dickerson and Danforth, JJ., concurred.